## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rico Rodriguez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>D.O.C., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-2659 (SRN/DTS)<br><br><br>**ORDER** |

Rico Rodriguez, OID #212833, MCF-Oak Park Heights, 5329 Osgood Ave N, Stillwater, MN 55082, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Rico Rodriguez's Objection [Doc. No. 10] to United States Magistrate Judge David T. Schultz's March 2, 2022 Report and Recommendation ("R&R") [Doc. No. 9]. In the R&R, Magistrate Judge Schultz recommended that Mr. Rodriguez's claims be dismissed without prejudice, and his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied as moot. For the reasons set forth below, the Court overrules Mr. Rodriguez's Objection, adopts the R&R, dismisses the case, and denies his motion as moot.

## I.    BACKGROUND

### A.    Factual Background

In 2000, Mr. Rodrguez pleaded guilty to one count of third-degree criminal sexual conduct and one count of fifth-degree criminal sexual conduct, and received a stayed

1

sentence of 42 months with a five-year conditional-release period and stayed execution of the sentence for five years. *See Rodriguez v. State*, No. A08-1662, at *3 (Minn. Ct. App. July 14, 2009). In October 2003, after a series of probation violations, the district court revoked Mr. Rodriguez's probation and executed the 42-month sentence. *Id.* In May 2005, Mr. Rodriguez was placed on supervised release, which was subsequently revoked in September 2005. *Id.* In 2012, Mr. Rodriguez pled guilty to failure to register as a predatory offender, in violation of Minn. Stat. § 243.166, subd. 5(a). *See State v. Rodriguez*, No. 27-cr-12-1120 (Minn. Dist. Ct. Oct. 2, 2012). He was sentenced to a 21-month term of imprisonment and 10 years of conditional release.

Although the circumstances are unclear from the materials submitted to the Court, it appears Mr. Rodriguez's conditional release was revoked at some point. Plaintiff remains incarcerated at the Minnesota Correctional Facility in Oak Park Heights to this day. Minnesota Department of Corrections, Offender Locator, https://coms.doc.state.mn.us/PublicViewer/Home/Index (last accessed Mar. 22, 2022).

### B.    Procedural History

On December 10, 2021, Mr. Rodriguez filed the instant action, alleging several separate claims for relief, (Compl. [Doc. No. 1]), as well as an application for leave to proceed *in forma pauperis*. ("IFP Application" [Doc. No. 2].) The magistrate judge screened his claims under 28 U.S.C. § 1915A. Under that screening process, he ruled that Mr. Rodriguez's complaint failed to state a claim upon which relief could be granted, and thus recommended dismissing the case without prejudice. (R&R at 4–7.)

On March 16, 2022, Mr. Rodriguez submitted a filing to this Court, expressing his frustration that the magistrate judge dismissed his case for not paying his filing fee. (*See* [Doc. No. 10] ("Objection").) The Court construes that filing as an objection to the magistrate judge's report and recommendation. Notably, Mr. Rodriguez does not object to any of the magistrate judge's legal or factual conclusions. Instead, he raises concerns with his payment of the filing fee. (*Id.*)

## II.    STANDARD OF REVIEW

The district court reviews *de novo* those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

As Magistrate Judge Schultz noted, Mr. Rodriguez is currently incarcerated and therefore, his complaint is subject to screening under 28 U.S.C § 1915A. The Court is empowered to dismiss his complaint or any portion of his complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. In doing so, the Court is mindful that Mr. Rodriguez proceeds pro se, and will liberally construe his pleadings. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced.") (citing cases).

## III.    DISCUSSION

Mr. Rodriguez appears to believe that the magistrate judge recommended dismissal due to an issue with the payment of the filing fee. (Objection at 1.) The Court reassures

him that dismissal was not recommended based on an unpaid filing fee. Instead, it was recommended because his legal claims, as pleaded, do not entitle him to relief. (R&R at 4–7.)

Mr. Rodriguez also expresses concern that the magistrate judge recommended his case be dismissed *without prejudice*. (Objection at 1.) A dismissal "without prejudice" permits a party to refile a lawsuit. *See Dismissal*, Black's Law Dictionary (11th ed. 2019). A dismissal "with prejudice" bars a party from filing any later suit on the same claim. *See Id.* Here, when the magistrate judge recommended dismissal without prejudice, he was not suggesting that Mr. Rodriguez has not experienced prejudice. Instead, he was giving Mr. Rodriguez a second chance to file a meritorious lawsuit.

Incorrectly believing that the magistrate judge treated him unfairly, Mr. Rodriguez requests that any future proceedings not be assigned to the same magistrate judge. (Objection at 1.) But a litigant does not have the right to select which judge hears his case. *See In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1359 (8th Cir. 1996). Additionally, the magistrate judge treated Mr. Rodriguez in a fair and just manner by recommending dismissal without prejudice, which, as explained above, grants Mr. Rodriguez a second opportunity to properly litigate these claims in a new proceeding.

Mr. Rodriguez does not object to the magistrate judge's factual findings or legal conclusions, and after an independent de novo review of the files, records and proceedings in the above-entitled matter, the Court overrules the Objection and adopts the R&R in its entirety.

Notably, Mr. Rodriguez requests that the documents that he has filed in this case be returned to him. (Objection at 2.) Accordingly, the Court orders the Clerk to provide copies of Mr. Rodriguez's filings to him.

## IV.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 15] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 12] is **ADOPTED**;

3. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED without prejudice**;

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. No. 2] is **DENIED as moot**;

5. Rodriguez is directed to pay the unpaid balance ($317.67) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Rodriguez is confined; and

6. The Clerk of Court shall provide copies of the following documents to the Plaintiff: Doc. Nos. 1, 2, 4, 5, 8, and 8–1.

Dated: March 22, 2022

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge